**1122**

695 P.2d 1261

**IDAHO POWER COMPANY, Petitioner,**

v.

**IDAHO PUBLIC UTILITIES
COMMISSION, Respondent.**

**No. 15892.**

Supreme Court of Idaho.

Feb. 20, 1985.

See also, Idaho, 693 P.2d 427.

Larry D. Ripley and William J. Batt, of Evans, Keane, Koontz, Boyd & Ripley, Boise, and Paul L. Jauregui and Bart L. Kline, of Idaho Power Company, Boise, for petitioner.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Michael S. Gilmore, Deputy Atty. Gen., Boise, for respondent.

C. Tom Arkoosh, Emmett, for real parties in interest, George and Bonnie Arkoosh.

Owen H. Orndorff, of Orndorff, Levy & MacConnell, Boise, attorneys for Mutual Energy Co.

ON DENIAL OF PETITION FOR WRIT OF PROHIBITION

PER CURIAM:

On February 14, 1985, Idaho Power Company filed a petition for writ of prohibition, requesting this Court to prohibit the Idaho Public Utilities Commission from enforcing the terms of its Order No. 19442, in Case No. U–1006–237, entered February 8, 1985, which order required Idaho Power Company to enter into a fixed rate, fixed term contract with the complainants in said case by February 15, 1985. Idaho Power Company asserts that Order No. 19442 is beyond the Commission's jurisdiction because it requires it to enter into said contract to purchase electrical energy at avoided cost rates presently in effect for the entire term of the contract and that such rates may not be reviewed by this or subsequent Commissions to determine whether they are fair, just or reasonable.

Idaho Power Company further asserts that the Commission in Order No. 19442 has ruled that federal law is inconsistent with a future review and adjustment of the contract rates under the fair, just and reasonable standard. We disagree with these assertions.

In this Court's opinion in *Idaho Power Co. v. Idaho Public Utilities Comm'n and Afton Energy, Inc.*, 107 Idaho 781, 693 P.2d 427 (1984) (Afton III), this Court held that rates set in such special type of contracts may be reviewed in the future under the fair, just and reasonable standard not inconsistent with federal law. The future review of these special contracts under the fair, just and reasonable standard can be conducted in a manner not inconsistent with federal law, and we do not view Order No. 19442 to be inconsistent with this determination.

Accordingly, the petition for writ of prohibition is denied.

DONALDSON, C.J., and SHEPARD, BAKES and HUNTLEY, JJ., concur.

BISTLINE, J., did not participate.